IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GK PARANDHAMAIA<br>PO Box 142<br>Swanton, Maryland 21561<br><br>PLAINTIFF,<br><br>v.<br><br>SUBCOM, LLC.<br>412 Mt. Kemble Avenue<br>Morristown, New Jersey 07960<br><br><br>SERVE: CSC – Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, Maryland 21202<br><br>DEFENDANT. | *<br>*<br>*<br>*<br>*<br>*<br>*   Case No. 1:25-cv-2349<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

Plaintiff GK Parandhamaia ("Plaintiff"), through counsel, files his Complaint against Defendant Subcom, LLC ("Defendant"), and herein seeks recovery of earned and unpaid wages, statutory liquidated damages, pre and post-judgment interest, and attorneys' fees and costs under the Maryland Wage Hour Law ("MWHL") and the Maryland Wage Payment Collection Law ("MWPCL"), and for other relief for cause set forth herein.

### **PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident and domiciliary of Garrett County, Maryland.

2. Defendant is a Limited Liability Company.

3. Defendant was organized under the laws of the State of Delaware.

4. Defendant maintains its principal place of business in New Jersey.

5. On information and belief, each of Defendant's Members is either an adult domiciliary and resident of either the State of New Jersey or the State of New Hampshire.

6. In this action, complete diversity exists between the Parties.

7. In this action, Plaintiff seeks recovery of monetary damages against Defendant in an amount exceeding $75,000.00.

8. The United States District Court has "Diversity of Citizenship" jurisdiction to adjudicate Plaintiff's claims for relief sought in this action against Defendant pursuant to 28 U.S.C. § 1332(a)(1).

9. During the recovery period relating back 3 years the date of Plaintiff's filing of this Complaint, through the February 7, 2025, conclusion date of Plaintiff's employment ("the relevant period"), Defendant employed Plaintiff to perform a substantial portion of his job duties for which relief is sought in this action within the State of Maryland.

10. During the relevant period, Defendant qualified as Plaintiff's employer under Maryland law.

11. During the relevant period, Plaintiff qualified as Defendant's employee under Maryland law.

12. Pursuant to the foregoing, jurisdiction and venue are proper in the United States District Court for the District of Maryland, Baltimore Division.

## FACTS

13. Defendant employed Plaintiff under the job title Electronics Supervisor during the period January 2016, until February 7, 2025.

14. Governing Plaintiff's right and entitlement to wages for Plaintiff's performance of work duties for Defendant's primary benefit during calendar year 2022, Plaintiff and Defendant mutually agreed upon a compensation agreement, pursuant to which, Defendant was required to pay Plaintiff (a) $37.63 per hour for non-overtime hours Plaintiff worked up to, but not exceeding, 40 per week; (b) one-and-one-half times (1.5x) Plaintiff's non-overtime hourly rate, $56.45 per hour ($37.63 * 1.5 = $56.45 per hour), for overtime hours Plaintiff worked exceeding 40 per week within the United States; and (c) one-and-one-quarter times (1.25x) Plaintiff's non-overtime hourly rate, $47.04 per hour ($37.63 * 1.25 = $47.04 per hour), for "field pay" overtime hours Plaintiff worked exceeding 40 per week outside the United States and/or in international waters.

15. Governing Plaintiff's right and entitlement to wages for Plaintiff's performance of work duties for Defendant's primary benefit during calendar year 2023, Plaintiff and Defendant mutually agreed upon a compensation agreement, pursuant to which, Defendant was required to pay Plaintiff (a) $38.95 per hour for non-overtime hours Plaintiff worked up to, but not exceeding, 40 per week; (b) one-and-one-half times (1.5x) Plaintiff's non-overtime hourly rate, $58.43 per hour ($38.95 * 1.5 = $58.43 per hour), for overtime hours Plaintiff worked exceeding 40 per week within the United States; and (c) one-and-one-quarter times (1.25x) Plaintiff's non-overtime hourly rate, $47.04 per hour ($38.95 * 1.25 = $48.69 per hour), for "field pay" overtime hours Plaintiff worked exceeding 40 per week outside the United States and/or in international waters.

16. Governing Plaintiff's right and entitlement to wages for Plaintiff's performance of work duties for Defendant's primary benefit during calendar year 2024, Plaintiff and Defendant mutually agreed upon a compensation agreement, pursuant to which, Defendant was required to pay Plaintiff (a) $40.15 per hour for non-overtime hours Plaintiff worked up to, but not exceeding, 40 per week; (b) one-and-one-half times (1.5x) Plaintiff's non-overtime hourly rate, $60.77 per hour ($40.15 * 1.5 = $60.77 per hour), for overtime hours Plaintiff worked exceeding 40 per week within the United States; and (c) one-and-one-quarter times (1.25x) his hourly rate, $50.19 per hour ($40.15 * 1.25 = $50.19 per hour), for "field pay" overtime hours exceeding 40 per week performed outside the United States in international waters.

17. Governing Plaintiff's right and entitlement to wages during calendar year 2025, Plaintiff and Defendant mutually agreed upon a compensation agreement, pursuant to which, Defendant was required to pay Plaintiff (a) $41.81 per hour for non-overtime hours worked up to, but not exceeding, 40 per week; (b) one-and-one-half times (1.5x) his hourly rate, $62.72 per hour ($41.81 * 1.5 = $62.72 per hour), for overtime hours exceeding 40 per week performed within the United States; and (c) one-and-one-quarter times (1.25x) Plaintiff's non-overtime hourly rate, $52.26 per hour ($41.81 * 1.25 = $52.26 per hour), for "field pay" overtime hours Plaintiff worked exceeding 40 per week outside the United States and/or in international waters.

18. During the relevant period, Plaintiff regularly and customarily performed 84 or more weekly compensable work hours for Defendant's primary benefit.

19. During the relevant period, Defendant had actual knowledge, constructive notice, or suffered or permitted Plaintiff to regularly and customarily perform 84 or more weekly compensable work hours for Defendant's primary benefit.

20. During the relevant period, Defendant had actual knowledge, constructive notice, or suffered or permitted all of Plaintiff's daily and weekly compensable work hours performed for Defendant's primary benefit through Plaintiff's reporting his weekly hours through Defendant's payroll processing system and through other physical and electronic mediums Defendant regularly and customarily utilized to supervise, measure, evaluate, or oversee Plaintiff's daily and weekly work hours.

21. During the calendar year 2022, Defendant knowingly received the benefit of all of Plaintiff's compensable work hours performed by Plaintiff for Defendant's primary benefit and, thereafter, failed or refused to pay Plaintiff his earned, promised, and mutually agreed upon wages for approximately 100 or more overtime hours exceeding 40 per week performed within the United States, primarily within the State of Maryland, for which Defendant owes Plaintiff $5,645.00 ($56.45 per overtime hour * 100 overtime hours = $5,645.00), or more.

22. During the calendar year 2022, Defendant knowingly received the benefit of all of Plaintiff's compensable work hours performed by Plaintiff for Defendant's primary benefit and, thereafter, failed or refused to pay Plaintiff his earned, promised, and mutually agreed upon wages for approximately 308 or more "field work" overtime hours exceeding 40 per week performed outside of the United States, primarily in international waters, for which Defendant owes Plaintiff $14,487.55 ($47.04 per "field work" overtime hour * 308 "field work" overtime hours = $14,487.55), or more.

23. During the calendar year 2023, Defendant knowingly received the benefit of all of Plaintiff's compensable work hours performed by Plaintiff for Defendant's primary benefit and, thereafter, failed or refused to pay Plaintiff his earned, promised, and mutually agreed upon wages for approximately 441 or more overtime hours exceeding 40 per week performed within the United States, primarily within the State of Maryland, for which Defendant owes Plaintiff $25,765.43 ($58.43 per overtime hour * 441 overtime hours = $25,765.43), or more.

24. During the calendar year 2023, Defendant knowingly received the benefit of all of Plaintiff's compensable work hours performed by Plaintiff for Defendant's primary benefit and, thereafter, failed or refused to pay Plaintiff his earned, promised, and mutually agreed upon wages for approximately 58 or more "field work" overtime hours exceeding 40 per week performed outside of the United States, primarily in international waters, for which Defendant owes Plaintiff $2,823.88 ($48.69 per "field work" overtime hour * 58 "field work" overtime hours = $2,823.88), or more.

25. During the calendar year 2024, Defendant knowingly received the benefit of all of Plaintiff's compensable work hours performed by Plaintiff for Defendant's primary benefit and, thereafter, failed or refused to pay Plaintiff his earned, promised, and mutually agreed upon wages for approximately 1288 or more overtime hours exceeding 40 per week performed within the United States, primarily within the State of Maryland, for which Defendant owes Plaintiff $77,569.80 ($60.23 per overtime hour * 1288 overtime hours = $77,569.80), or more.

26. During the calendar year 2024, Defendant knowingly received the benefit of all of Plaintiff's compensable work hours performed by Plaintiff for Defendant's primary benefit and, thereafter, failed or refused to pay Plaintiff his earned, promised, and mutually agreed upon wages for approximately 361 or more "field work" overtime hours exceeding 40 per week performed outside of the United States, primarily in international waters, for which Defendant owes Plaintiff $18,117.69 ($50.19 per "field work" overtime hour * 361 "field work" overtime hours = $18,117.69), or more.

27. During the calendar year 2025, Defendant knowingly received the benefit of all of Plaintiff's compensable work hours performed by Plaintiff for Defendant's primary benefit and, thereafter, failed or refused to pay Plaintiff his earned, promised, and mutually agreed upon wages for approximately 106 or more overtime hours exceeding 40 per week performed within the United States, primarily within the State of Maryland, for which Defendant owes Plaintiff $6,647.79 ($62.72 per overtime hour * 106 overtime hours = $6,647.79), or more.

28. During the relevant period, and continuing to date, Defendant's failure or refusal to fully and timely pay Plaintiff's earned, promised, and mutually agreed upon wages was, and continues to be, willful, intentional, and not the product of good faith or a *bona fide* dispute.

## CAUSE OF ACTION

### COUNT I
### Violation of the MWHL

29. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

30. During the relevant period, the MWHL required Defendant to pay Plaintiff for all overtime worked exceeding 40 hours per week within the United States, and primarily within the State of Maryland, at the MWHL overtime premium rate of one-and-one-half times (1.5x) Plaintiff's non-overtime regular hourly rate.

31. During the relevant period, Plaintiff regularly and customarily worked overtime exceeding 40 hours per week for Defendant's primary benefit within the United States, and primarily within the State of Maryland.

32. During the relevant period, Defendant had actual knowledge, constructive notice, or suffered or permitted Plaintiff to regularly and customarily work overtime exceeding 40 hours per week for Defendant's primary benefit within the United States, and primarily within the State of Maryland.

33. During the relevant period, Defendant violated Plaintiff's MWHL right to receive overtime premium wages by failing or refusing to pay Plaintiff at the MWHL required time-and-one-half (1.5x) MWHL required overtime premium rate for all overtime Plaintiff worked exceeding 40 hours per week for Defendant's primary benefit within the United States, and primarily within the State of Maryland.

34. During the relevant period, Defendant's violations of Plaintiff's MWHL right to receive overtime premium wages was knowing, willful, intentional, and was not the product of good faith or a *bona fide* dispute.

WHEREFORE, Plaintiff prays for judgment against Defendant under the MWHL for earned and unpaid overtime wages at the MWHL required time-and-one-half (1.5x) overtime premium rate for all unpaid overtime hours Plaintiff worked within the relevant period for Defendant's primary benefit within the United States, and primarily within the State of Maryland, plus statutory liquidated damages in an equal amount (double (2x) damages), pre and post-judgment interest, and an award of Plaintiff's attorneys' fees and costs to be determined by post-judgment petition.

## COUNT II
### Violation of the MWPCL

35. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

36. During the relevant period, the MWPCL required Defendant to fully and timely pay Plaintiff all earned, promised, or Maryland law required wages due and owing each pay period.

37. During the relevant period, the MWPCL required Defendant to fully pay Plaintiff all earned, promised, or Maryland law required wages due and owing to Plaintiff upon the conclusion of Plaintiff's employment.

38. During the relevant period, and continuing to date, Defendant violated Plaintiff's wage payment rights under the MWPCL by withholding and failing or refusing to fully or timely pay Plaintiff all earned, promised, or Maryland law required wages due and owing to Plaintiff upon the conclusion of Plaintiff's employment.

39. During the relevant period, and continuing to date, Defendant's violations of Plaintiff's wage payment rights under the MWPCL was, and continues to be, knowing, willful, intentional, and was not the product of good faith or a *bona fide* dispute.

WHEREFORE, Plaintiff prays for judgment against Defendant under the MWPCL for all of Plaintiff's earned, promised, or Maryland law required wages Defendant withheld or failed to fully or timely pay Plaintiff during the relevant period, and continuing to date, plus statutory liquidated damages in an additional two times (2x) (a total of trebled (3x) damages), pre and post-judgment interest, and an award of Plaintiff's attorneys' fees and costs to be determined by post-judgment petition.

## COUNT III
### Breach of Contract

40. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

41. In the alternative, if any portion of Plaintiff's claim is not recoverable under the MWHL or MWPCL, for calendar years 2022, 2023, 2024, and 2025, Plaintiff and Defendant knowingly, voluntarily, and mutually agreed to binding contractual agreements, pursuant to which, Defendant was required to fully pay Plaintiff ,on regularly scheduled pay dates, at mutually agreed upon pay rates for (a) Plaintiff's performance of weekly non-overtime work up to but not exceeding 40 hours; (b) Plaintiff's performance of weekly overtime work exceeding 40 hours within the United States; and (c) Plaintiff's performance of weekly overtime work exceeding 40 hours outside of the United States and/or in international waters.

42. During the relevant period, Plaintiff fully performed and satisfied all contractual prerequisites for which Defendant was required to pay Plaintiff the full amount of Plaintiff's earned, promised, and mutually agreed upon wages at contractually agreed upon wages rates, payable by Defendant to Plaintiff each regularly scheduled pay date.

43. During the relevant period, Defendant materially breached its contractual duty to Plaintiff and caused Plaintiff to suffer resulting damages by withholding and failing to pay Plaintiff the full amount of his earned, promised, and mutually agreed upon wages at contractually agreed upon wage rates each regularly scheduled pay date.

WHEREFORE, Plaintiff prays for judgment against Defendant for breach of contract damages in the full amount of his earned, promised, and mutually agreed upon wages Defendant withheld or failed to pay Plaintiff each regularly scheduled pay date during the relevant period, plus pre-judgment and post-judgment interest, and all recoverable costs and expenses.

## COUNT IV
### Quantum Meruit / Unjust Enrichment

44. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

45. In the alternative, if any portion of Plaintiff's claim is not recoverable under the MWHL, MWPCL, or as breach of contract damages, during the relevant period, Plaintiff performed valuable services for Defendant under circumstances in which Plaintiff and Defendant reasonably expected that Defendant would pay Plaintiff a fair and equitable wage rate for each hour Plaintiff performed employment duties for Defendant's primary benefit.

46. It would be unfair and inequitable for Defendant to receive the value of each hour of Plaintiff's valuable employment duties performed for Defendant's primary benefit during the relevant period without Defendant paying Plaintiff full and reasonably expected compensation for the same.

47. Defendant has been unjustly enriched by its receipt of the value of each hour of Plaintiff's valuable employment duties performed for Defendant's benefit during the relevant period and corresponding or resulting failure to pay Plaintiff the fair and reasonably expected wage rate for Plaintiff's valuable employment duties.

WHEREFORE, Plaintiff prays for judgment against Defendant under the equitable theory of quantum meruit and unjust enrichment damages for the fair and reasonably expected wage rate for each unpaid hour of Plaintiff's valuable employment duties performed for Defendant's primary benefit during the relevant period, plus pre and post-judgment interest, and all recoverable costs and expenses.

Respectfully submitted,

  /s/ Gregg C. Greenberg
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*