**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **GK PARANDHAMAIA** | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No. 1:25-cv-2349-JMC |
| **SUBCOM, LLC** | * | |
| | * | |
| *Defendants*. | | |

* * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is the Parties' Joint Status Report which articulates several disputes between the Parties regarding a Proposed Scheduling Order. (ECF No. 40). The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Court will adopt the Parties' proposed schedule to the extent agreed upon and resolve the Parties' remaining scheduling disputes as set forth herein.

## I. RELEVANT BACKGROUND

Plaintiff GK Parandhamaia ("Plaintiff") filed a Complaint against Defendant SubCom, LLC ("Defendant") on July 18, 2025, alleging violations of the Maryland Wage Hour Law and Maryland Wage, Payment, and Collection Law. (ECF No. 1). On September 11, 2025, Defendant filed its Answer to the Complaint. (ECF No. 9). The Court subsequently issued a proposed Scheduling Order on October 28, 2025, setting an initial discovery deadline of March 9, 2026. (ECF No. 12). The Court also issued an Informal Discovery Memorandum detailing how the Parties are to seek judicial intervention in the event of a discovery dispute. (ECF No. 13).

The Parties participated in a virtual settlement conference with Judge Aslan on January 1, 2026, which was unsuccessful. *See* (ECF No. 23). After the settlement conference, the Parties filed

a second Joint Status Report which requested the Court to extend the discovery deadline to May 29, 2026, and asked for a second settlement conference to be conducted after discovery closes. (ECF No. 23). The Court approved the second Joint Status Report the same day. (ECF No. 24). A second settlement conference was then scheduled on June 17, 2026. (ECF No. 25).

On April 28, 2026, the Parties filed a Joint Motion for Extension of Time to Complete Discovery, requesting that the May 29, 2026 discovery deadline be moved to July 24, 2026, and that the second settlement conference be rescheduled. (ECF No. 28). The Court granted the Parties' request on April 30, 2026 (ECF No. 29) and the second settlement conference was rescheduled to July 28, 2026. (ECF No. 30).

On July 23, 2026, Counsel for the Plaintiff filed a Motion to Withdraw and a Motion for a 30-Day Stay. (ECF Nos. 31, 32). The Motion for a 30-Day Stay explained that the Parties are "attempting to resolve a significant dispute concerning the production of electronically stored information, which has had a substantial impact on the course of discovery in this matter." (ECF No. 31 at 2). The Motion for a 30-Day Stay also stated that Defendant had recently communicated that the dispute would serve as a basis for a Counterclaim if it was not resolved. *Id.* The Court issued an Order the following day granting the Motion to Withdraw but denied the Motion to Stay and directed the Parties to "confer and propose a joint scheduling order that contemplated the time necessary to work through the current discovery dispute and other anticipated filings including the time for Plaintiff to obtain new counsel." (ECF No. 34).

On August 12, 2026, after no response from either party to the prior Order, the Court issued another Order directing the Parties to "confer and propose a scheduling order, or otherwise indicate their positions on the scheduling order if they cannot agree within fourteen days . . . ." (ECF No.

36).[1] On August 25, 2026, new Counsel for the Plaintiff entered his appearance (ECF No. 38) and on August 26, 2026, the Parties filed the Joint Status Report at issue which included a partially agreed to Proposed Scheduling Order. (ECF No. 40).

## II. STANDARD OF REVIEW

District courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir.1986). A party must demonstrate good cause to amend the scheduling order under Federal Rule of Civil Procedure 16. Fed. R. Civ. P. 16(b)(4); *DiStefano, Inc. v. Tasty Baking Co.*, Civil Case No. SAG-22-01493, 2024 WL 1329268, at *2 (D. Md. Mar. 28, 2024) ("[A] party must first demonstrate good cause to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment.") (internal quotations omitted). "The primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (citing *West Virginia Housing Dev. Fund. V. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Indications of a lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *Id.* "To establish good cause, the party seeking to amend the scheduling order must 'show that the deadlines cannot reasonably be met despite the party's diligence'" *Id.* (quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

## III. ANALYSIS

The Parties begin their Joint Status Report by describing the proposed dates upon which they agree. (ECF No. 40 at 1-2). The Parties "jointly request that the Court bifurcate fact and expert discovery so to allow the Parties to Complete expert discovery after a ruling on dispositive motions." *Id.* at 1. The Parties proposed schedule is as follows:

---

[1] The Court notes that on the same day, Defendant filed a Motion for Leave to File a Counterclaim (ECF No. 37) which is currently opposed by Plaintiff (ECF No. 41).

| | |
|---|---|
| Completion of Fact Witness Discovery | December 4, 2026 |
| Joint Status Report | December 11, 2026 |
| Dispositive Motions | December 21, 2026 |
| Continued Settlement Conference with Judge Aslan | Late January/Early February 2027 |
| Joint Status Repot | Five (5) days after completion of Continued Settlement Conference |

*Id.* at 1-2. To the extent that the Parties agree to the abovementioned schedule, and to bifurcate fact and expert discovery, the Court grants the Parties' joint request.

The Parties go on to describe several areas of disagreement regarding future discovery. First, Plaintiff and Defendant disagree as to Plaintiff's proposed "Resolution of Paper Discovery Dispute Deadline" of September 10, 2026, to resolve the Parties current discovery dispute.[2] *Id.* Specifically "Defendant disagrees that there should be any Scheduling Order deadline for the 'Resolution of Paper Discovery Dispute.'" *Id.* The parties go on to state that "[d]ue to prior counsel's subsequent withdraw, no supplemental discovery has been provided" and that "[i]t would be both premature and ineffective for the Parties to identify a Scheduling Order deadline to the previously raised discovery dispute when no supplemental discovery has been provided and the receiving party has not had a chance to evaluate what (if any) deficiencies remain and require judicial intervention." *Id.* at 2.

The Court declines to impose Plaintiff's proposed deadline. Although the Parties were previously directed to contemplate the time necessary to work through the existing discovery dispute, the Parties have not agreed upon a date by which the dispute should be resolved, and the supplemental production underlying the dispute has yet to occur. Moreover, on October 28, 2025, the Court issued an Informal Discovery Memorandum (ECF No. 28), which details the Court's

---

[2] As stated previously, in Plaintiff's prior Motion for a 30-Day stay, Plaintiff explained that "[t]he Parties are also currently attempting to resolve a significant dispute concerning the production of electronically stored information which has had a substantial impact on the court of discovery in this matter." (ECF No. 31 at 2). Defendant cites the same discovery dispute in its Motion for Leave to File a Counterclaim. (ECF No. 37 at 2-3).

approach to resolving discovery disputes. Given that the Parties do not agree to any date by which discovery disputes should be resolved, and have not otherwise described the dispute or their respective positions, the Court has no basis to evaluate or impose the proposed deadline. Accordingly, the Court's informal discovery memorandum shall govern the procedure concerning any discovery disputes following the supplemental production. The Court directs the parties to confer and propose a date which supplemental discovery will be completed.

Next, although the Parties agree that fact and expert discovery should be bifurcated, they disagree as to when the expert discovery schedule should be established. Plaintiff proposes that the various expert related deadlines be set after completion of the Continued Settlement Conference, while Defendant proposes that all expert discovery deadlines be submitted to the Court after ruling on dispositive motions. (ECF No. 40 at 2-3). In light of the Parties' proposed schedule setting fact discovery to close on December 4, 2026, dispositive motions to be filed by December 21, 2026, and the Continued Settlement Conference to occur in late January or early February 2027, the Court anticipates that any dispositive motions may well be ripe for review at or around the same time as the continued settlement conference, but cannot commit to a date certain by which such motions would be decided. Additionally, the outcome of the motions might make such discovery unnecessary. Therefore, the Court finds it appropriate to defer a proposed expert discovery schedule until after of its ruling on dispositive motions.

## IV. CONCLUSION

Accordingly, it is this 4th day of September 2026 hereby ORDERED:

(1) The Parties shall complete fact discovery by December 4, 2026.

(2) The Parties shall file a Joint Status Report on or before December 11, 2026.

(3) The Parties shall file dispositive motions on or before December 21, 2026.

(4) The Parties shall coordinate with Judge Aslan to schedule a Continued Settlement Conference for a mutual agreeable date in January or February 2027 that accommodates Judge Aslan's availability.

(5) The Parties shall file a Joint Status Report five (5) days after the completion of the Continued Settlement Conference.

(6) Plaintiff's request for a September 10, 2026 deadline for the Resolution of the Paper Discovery Dispute is DENIED, and any remaining discovery disputes shall proceed in accordance with the Court's Informal Discovery Memorandum (ECF No. 28).

(7) Within seven (7) days after this Court's ruling on dispositive motions, the Parties shall confer and submit a Joint Proposed Schedule governing expert discovery.

Dated: September 8, 2026

/s/
J. Mark Coulson
United States Magistrate Judge